UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frederick A. Fleming, #253901, | ) | C/A No. 3:07-3797-JFA-JRM |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| State of South Carolina; Warden of | ) | |
| Livesay Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Frederick A. Fleming, is an inmate at the South Carolina Department of Corrections serving a 15-year sentence for trafficking in crack cocaine (second offense). He has filed a petition pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody in violation of the United States Constitution. Specifically, he claims that the indictment was defection, his due process was violated, and his counsel was ineffective.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the

1

granted as the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on September 11, 2008. Petitioner filed timely objections[3] to the Report after this court granted him an extension to do so. The petitioner has also filed a motion for acquittal which this court denies for the reasons set forth in this order.

The petitioner filed a 10-page objection memorandum wherein he revisits the claims that he brought in his original petition. He provides no explanation for his untimeliness, fails to show any justification for equitable tolling, and fails to assert any cause or prejudice. For the reasons that follow, the court overrules the petitioner's objections and adopts the Report and Recommendation as it suggests denial of the petition.

The Magistrate Judge concurs with the respondent's contention that the petitioner's claim must be barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132,

---

motion for summary judgment. Petitioner responded to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

110 Stat. 1214 ("AEDPA"). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling. The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The petitioner's conviction became final on November 9, 1998, ten days after he was sentenced in state court. Over a year later on November 2, 1999, Fleming filed his first PCR.

3

This left him only 7 days of non-tolled time within which to file a federal habeas action. That first PCR was concluded on November 25, 2002 and no appeal was filed. Fleming's second PCR was not filed until 2005 and was dismissed by the state court on March 29, 2006 as successive and untimely, and no appeal was taken. Fleming's third PCR was filed on December 22, 2006 and a final order of dismissal was issued on May 3, 2007 after the PCR court found it to be successive and untimely. Even though petitioner appealed the finding of untimeliness, the S.C. Supreme Court dismissed the appeal on July 16, 2007. The present action was filed on November 21, 2007.

The court agrees with the Magistrate Judge's recommendation and incorporates it herein. The respondent's motion for summary judgment is hereby granted. Petitioner's motion for judgment as a matter of law and for judgment of acquittal are denied.

IT IS SO ORDERED.

December 31, 2008                           Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge